UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRIFFITH AND DETRICK CURTIS CONERLY,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PARAN LLP,<br><br>　　　　　　Defendant. | No.  2:21-cv-01314-JAM-CKD PS<br><br><u>ORDER GRANTING IFP REQUEST AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff Detrick Curtis Conerly proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff Conerly, who is incarcerated at FCI McKean in Pennsylvania, has filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff Conerly's application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

　　　　**I.　　SCREENING REQUIREMENT**

　　　　Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

## II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff Conerly's complaint[1] names Paran, LLP, as the sole defendant. The factual allegations are difficult to discern; however, plaintiff seeks to enforce a state court judgment. Specifically, plaintiff Conerly alleges he and Michael Griffith obtained a confession of judgment in the amount of $104,880.00 in the Court of Common Pleas in Westmoreland County, Pennsylvania. Plaintiff alleges defendant has failed to pay the sum of money owed based on the judgment.

## III.    PLEADING STANDARDS

When considering whether a complaint states a claim upon which relief can be granted, the court accepts the factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construes the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

////

////

---

[1] Plaintiff Michael Griffith has neither signed the complaint nor requested in forma pauperis status.

2

### IV. THE COMPLAINT FAILS TO STATE A CLAIM AND FAILS TO SET FORTH A BASIS FOR FEDERAL JURISDICTION

#### A. Plaintiff Griffith

Plaintiff Michael Griffith has not signed the complaint. In addition, as a litigant proceeding pro se, plaintiff Conerly cannot represent Griffith in this action. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (citing collected cases and noting courts routinely adhere to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity). Accordingly, plaintiff Griffith lacks standing to proceed on the complaint as it is currently filed.

#### B. Claim to Enforce a Foreign Judgment

The complaint requests that "full faith and credit as well as enforcement" be given to the "confession of judgment obtained by [plaintiffs] on 6/20/17 in Greensburg, PA." (ECF No. 1 at 1.) Plaintiff Conerly has attached many pages of legal documents from his Pennsylvania cases, although none appears to be a certified judgment.

Neither the Full Faith and Credit Clause of the U.S. Constitution nor the corresponding statute, 28 U.S.C. § 1738, is an independent basis for federal court jurisdiction, and neither provides a private right of action. See People of State of California ex rel. McColgan v. Bruce, 129 F.2d 421, 424 (9th Cir. 1942) (holding that these provisions "establish a rule of evidence," not a "ground of jurisdiction") (internal quotation marks omitted). Instead, these provisions simply require that courts "give the same preclusive effect to a state-court judgment as another court of that State would give." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986).

Accordingly, plaintiff has neither set forth a basis for federal jurisdiction under 28 U.S.C. § 1331 nor invoked a statute that provides a private right of action. In addition, plaintiff is attempting to enforce a state court judgment but fails to make a showing that he has an enforceable judgment. Under these circumstances, the complaint must be dismissed.

////

////

3

**C. Opportunity to Amend**

When considering whether to allow an opportunity to file an amended complaint, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave to amend shall be freely given, the court does not have to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

The court concludes that granting leave to amend in this case would be futile because it is clear from the face of the initial pleading that (1) the court lacks jurisdiction and (2) the statute under which plaintiff asserts claims does not provide for a private right of action. Such deficiencies cannot be cured by amendment.[2]

**V. CONCLUSION**

In accordance with the above, IT IS ORDERED that plaintiff Conerly's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED:

1. Plaintiff's first amended complaint (ECF No. 4) be dismissed without leave to amend for failure to state a cognizable claim for relief and lack of jurisdiction; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

---

[2] The court further notes this is not the first civil action filed in a United States District Court in which plaintiff Conerly has unsuccessfully sought to enforce a foreign judgment against defendant Paran, LLP, on behalf of himself and others. See, e.g., Bonner, et al., v. Ada County, et al., No. 1:18-cv-00058-DCN, 2018 WL 11216390 (D. Idaho August 8, 2018).

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 8, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Griffith.21cv1314.screen