UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRIFFITH AND DETRICK CURTIS CONERLY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PARAN LLP,<br><br>　　　　　Defendant. | No. 2:21-cv-01314-JAM-CKD PS<br><br><u>ORDER VACATING FINDINGS AND RECOMMENDATIONS (ECF No. 3) AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT</u> |

　　　　Plaintiff Detrick Curtis Conerly proceeds pro se in this action seeking to enforce a foreign judgment. This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b).

　　　　On September 8, 2021, the undersigned screened plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and recommended dismissal without leave to amend on grounds that the complaint failed to state a claim and failed to set forth a basis for the court's jurisdiction under 28 U.S.C. § 1331. Plaintiff has filed a document entitled "Supplemental Complaint" (ECF No. 4) and has filed objections to the findings and recommendations (ECF No. 5).

　　　　In the objections filed on September 24, 2021, plaintiff Conerly notes that the complaint asserted diversity of citizenship under 28 U.S.C. § 1332 as its jurisdictional basis. On this ground,

1

the undersigned will vacate the findings and recommendations recommending that the court dismiss the complaint without leave to amend.

The complaint is still subject to dismissal, however, because it fails to state a cognizable claim for relief. Plaintiff Conerly alleges he and Michael Griffith obtained a confession of judgment in the amount of $104,880.00 in the Court of Common Pleas in Westmoreland County, Pennsylvania, and that defendant has failed to pay the sum of money owed. The complaint requests "full faith and credit as well as enforcement" for the "confession of judgment obtained by [plaintiffs] on 6/20/17 in Greensburg, PA." (ECF No. 1 at 1.)

Plaintiff Michael Griffith has not signed the complaint and cannot be represented by plaintiff Conerly. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008). In addition, neither the Full Faith and Credit Clause of the United States Constitution nor the corresponding statute, 28 U.S.C. § 1738, provides a private right of action for plaintiff to obtain enforcement of a foreign judgment. See People of State of California ex rel. McColgan v. Bruce, 129 F.2d 421, 424 (9th Cir. 1942) (holding that these provisions "establish a rule of evidence, rather than of jurisdiction" (quoting State of Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 291 (1888)). The Full Faith and Credit Clause and 28 U.S.C. § 1738 require that courts "give the same preclusive effect to a state-court judgment as another court of that State would give," but they do not provide an independent cause of action. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986); see also Caballero v. Fuerzas Armadas Revolucionarias de Colombia, 945 F.3d 1270, 1274-75 (10th Cir. 2019) ("[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." (quoting Thompson v. Thompson, 484 U.S. 174, 182 (1988)).

Thus, the complaint's allegations about the existence of the judgment and defendant's failure to pay do not to state a cognizable claim for relief. Plaintiff will be given an opportunity to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

1   Although plaintiff has already filed a document entitled "Supplemental Complaint" (ECF No. 4), it suffers from the same defect as the original complaint in that it fails to state a valid claim for relief. In addition, plaintiff is advised that the court does not allow piecemeal amendments or piecemeal supplements to complaints. Because an amended complaint supersedes and replaces the original complaint, an amended complaint must stand on its own. See Local Rule 220; Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

In accordance with the above, IT IS HEREBY ORDERED:

1. The Findings and Recommendations signed September 8, 2021 (ECF No. 3) are VACATED; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 28, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Griffith.21cv1314.vacfrs